Tilghman C. J.
(After stating, the case.) Where a lease is made for a year, and so from year to year as long as both parties please, there must be notice to quit in due time before the end of the year: otherwise the law implies a new lease for a year. So where a lease is made to one to hold, during the pleasure of the lessor, there must be due notice to quit: because it would be unreasonable that a man who has gone to the expense of cultivating land and making preparations for a crop, while his estate was uncertain, should be turned off at a moment’s warning. But where the lease is to expire at a certain time the law is different, because each party knows what he has to trust to. There can be no occasion to give notice to quit, where the lessee has agreed to quit at a certain time. In the present case the lessor might have maintained an ejectment at the i of the lease. But there is no evidence that the lessor required the possession at the end of the lease. On the contrary, he permitted the lessee to retain possession for seventeen years afterwards. From this, I think, it may be fairly presumed, that the defendant retained the possession with the consent of the plaintiff: and if so, he was tenant at will at least, or perhaps it might be more reasonably inferred, that he remained tenant from year to year at the same rent, which was reserved by the written lease for four years. But whether he was tenant at will or from year to year, is immaterial, because in both cases notice to quit was necessary. The charge of the president of the Court of Common Pleas was correct, therefore, and the judgment should be affirmed.
Yeates J. absent.
Brackenridge J. concurred.
Judgrpent affirmed.